ANNETTE KINGSLAND ZIEGLER, J.
¶ 139. {concurring). I join Justice Roggensack's concurrence, but write separately to address the United States Supreme *113 Court's recent decision in Riley v. California, 573 U.S. _, 134 S. Ct. 2473 (2014). Riley addressed whether a warrantless search of the contents of a suspect's cell by police was constitutionally permissible, id. at 2477, while in the case at issue, Subdiaz-Osorio objects to the disclosure of location data by his cell phone service provider. See Lead op., ¶ 2. The location of a cell phone and the contents contained therein may or may not be subject to the same constitutional analysis. At this point, the parties have not had a reasonable opportunity to brief or argue that point, or address the import of Riley on the case at issue. Especially considering the recent U.S. Supreme Court precedent, I agree with Justice Roggensack, and I would decide this case on the narrowest possible grounds.
¶ 140. The Riley decision explicitly stated that it was not addressing "the question whether the collection or inspection of aggregated digital information amounts to a search under other circumstances." 134 S. Ct. at 2489 n.l. The Court further clarified that "[o]ur holding, of course, is not that the information on a cell phone is immune from search; it is instead that a warrant is generally required before such a search .. . ." Id. at 2493 (emphasis added). The Riley decision acknowledged that "[i]f the police are truly confronted with a now or never situation, — for example, circumstances suggesting that a defendant's phone will be the target of an imminent remote-wipe attempt — they may be able to rely on exigent circumstances to search the phone immediately." Id. at 2487 (citations and internal quotation marks omitted).
¶ 141. In further limiting its holding to the facts of the case, the Riley court also stated:
Moreover, even though the search incident to arrest exception does not apply to cell phones, other *114 case-specific exceptions may still justify a warrantless search of a particular phone. One well-recognized exception applies when the exigencies of the situation make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment. Such exigencies could include the need to prevent the imminent destruction of evidence in individual cases, to pursue a fleeing suspect, and to assist persons who are seriously injured or are threatened with imminent injury. ...
In light of the availability of the exigent circumstances exception, there is no reason to believe that law enforcement officers will not be able to address some of the more extreme hypotheticals that have been suggested: a suspect texting an accomplice who, it is feared, is preparing to detonate a bomb, or a child abductor who may have information about the child's location on his cell phone. The defendants here recognize — indeed, they stress — that such fact-specific threats may justify a warrantless search of cell phone data. The critical point is that, unlike the search incident to arrest exception, the exigent circumstances exception requires a court to examine whether an emergency justified a warrantless search in each particular case.
Id. at 2494 (citations and internal quotation marks omitted).
¶ 142. Thus, the Supreme Court in Riley did not necessarily address the specific question presented in the case at issue, presumably because that question was not squarely presented by the facts of Riley. I conclude that, given these uncertainties, we should exercise restraint and cabin our analysis to the facts of this case.
¶ 143. We have received no briefing or argument on the broader privacy questions that are addressed in the lead opinion or in Riley. As a practical matter, the *115 issue of what actions law enforcement needs to take when seeking cell phone location information has also been addressed by the legislature. See Wis. Stat. §§ 968.373 and 968.375(3)(c) (2013-14).[1] The technological implications of a broader approach are vast and difficult to predict, and we are generally obliged to decide our cases on the "narrowest possible grounds." Borland v. Eau Claire Cnty., 216 Wis. 2d 560, 566 n.2, 575 N.W.2d 691 (1998); see also State v. Robinson, 2010 WI 80, ¶ 23, 327 Wis. 2d 302, 786 N.W.2d 463. As a result, I join Justice Roggensack's concurrence.
¶ 144. For the foregoing reasons I respectfully concur.
¶ 145. I am authorized to state that Justices PATIENCE DRAKE ROGGENSACK and MICHAEL J. GABLEMAN join this concurrence.

 Wisconsin Stat. §§ 968.373 and 968.375(3)(c) were enacted after the commencement of the case at issue and so are not directly applicable. Our inability to consider the new statutes in this case is an additional argument in favor of a narrow approach.